# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CARLOS ORNELAS,** | **CASE NO. 1:18-CV-0697 AWI EPG** |
| Plaintiff | |
| v. | **ORDER ON PLAINTIFF'S MOTION TO REMAND** |
| **HOME DEPOT U.S.A., INC., and DOES 1 through 20 inclusive,** | (Doc. No. 6) |
| Defendant | |

## BACKGROUND[1]

This is a personal injury action by Plaintiff Carlos Ornelas ("Ornelas") against Home Depot U.S.A., Inc. ("Home Depot"). Home Depot removed this matter from the Fresno County Superior Court. Currently before the Court is Ornelas's motion to remand. For the reasons that follow, Ornelas's motion will be denied.

From the Complaint (Doc. No. 1 at Ex. 1), Ornelas was at the Home Depot store in Clovis, California on May 17, 2017. While in the store, Ornelas slipped on a set of plastic pipes that had been left on the floor and in a location in which they were not supposed to be. The pipes rolled forward and caused Ornelas to lose his balance and fall on the floor. The fall caused Ornelas "severe personal injuries." Ornelas was exercising reasonable care and could not have avoided the trip and fall. Ornelas alleges that Home Depot negligently failed to keep their premises in a reasonably safe condition. Through the exercise of reasonable care, Home Depot knew, or should have known of the unsafe condition of the plastic pipes. Ornelas seeks compensatory damages for lost wages, hospital and medical expenses, general damages, and loss of consortium related to his personal injuries. The Complaint seeks an undisclosed amount, but affirmatively states that it is in

---
[1] Plaintiff's Complaint is on a preprinted form distributed by the Judicial Council of California.

excess of $25,000.

Plaintiff filed his Complain on September 25, 2017. Home Depot was served with the Complaint on October 11, 2017. Home Depot removed this matter on May 22, 2018. As part of the notice of removal, and as part of its opposition, Home Depot states that it learned that more than $75,000 was at issue when it received medical bills during a pre-litigation mediation in May 2018 that totaled over $46,000.

## **PLAINTIFF'S MOTION**

*Plaintiff's Argument*

Ornelas argues that Home Depot's notice of removal was untimely under 28 U.S.C. § 1446(b)'s first 30-day time period. Ornelas argues that the Complaint contained sufficient information for Home Depot to intelligently ascertain that his claims exceeded $75,000. The Complaint alleges that "serious injuries" resulted and that general damages, lost wages, and hospital and medical expenses were being sought. These allegations, along with an understanding of modern medical expenses, leads to an intelligent reading of the complaint that the amount in controversy was quickly mounting. Because Home Depot did not remove within 30-days of being served the Complaint, remand is required.

In reply, Ornelas argues that Home Depot has a store video that shows Ornelas falling and injuring his shoulder. The video shows a clear and serious injury, and demonstrates that more than $75,000 is in controversy.

*Defendant's Opposition*

Home Depot argues that the Complaint does not show that more than $75,000 is in controversy. The Complaint is on a pre-printed form that contains many check-boxes. While certain boxes of damages were checked, damages for loss of property, property damages, loss of earning capacity, and punitive damages were not checked. The Complaint characterizes the case as a "trip and fall" matter and, although it alleges "serious" injuries, no attorney would file suit and allege his client's damages are minor. The Complaint contains no information regarding the scope of Ornelas's injuries or medical procedures, or indicate that further medical procedures were likely. However, once Home Depot received medical bills that totaled nearly $47,000.00, it

2

removed the case timely under the second 30-day period of § 1446(b).

*Legal Standard*

"The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." Corral v. Select Portfolio Serv'g, Inc., 878 F.3d 770, 773-74 (9th Cir. 2017); Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 141, 1244 (9th Cir. 2009). "[T]he defendant always has the burden of establishing that removal is proper." Moore-Thomas, 553 F.3d at 1244.

28 U.S.C. § 1446(b) "provides for two thirty-day windows during which a case can be removed: (1) during the first thirty days after the defendant receives the initial pleading, or (2) during the first thirty days after the defendant receives 'an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" Reyes v. Dollar Tree Stores, Inc., 781 F.3d 1185, 1189 (9th Cir. 2015) (quoting 28 U.S.C. § 1446(b)). For purposes of § 1446(b), courts "rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 695 (9th Cir. 2005); see also Kenny v. Wal-Mart Stores, Inc., 881 F.3d 786, 791 (9th Cir. 2018) ("Defendants are not charged with "notice of removability until [they have] received a paper that gives them enough information to remove."). A complaint that is unclear as to whether it is removable is known as an "indeterminate pleading." Harris, 425 F.3d at 693. The Ninth Circuit has explained the operation of § 1446(b):

> Notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. Thus, the first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper.

Harris, 425 F.3d at 694. Thus, "a defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability." Kenny, 881 F.3d at 791; Roth

1 v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1125 (9th Cir. 2013).  The 30-day time limits for removal in 28 U.S.C. § 1446(b) are procedural rather than jurisdictional.  Corona-Contreras v. Gruel, 857 F.3d 1025, 1029 (9th Cir. 2017); Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980).

*Discussion*

The key issue in this case does not have to do with jurisdiction.  There is no dispute that Ornelas is a citizen of California and that Home Depot is a citizen of Delaware and Georgia, nor is there any dispute that more than $75,000 is in controversy.  Therefore, the Court has diversity jurisdiction.  See Rainero v. Archon Corp., 844 F.3d 832, 839 (9th Cir. 2016) ("For federal jurisdiction under § 1332(a), the amount in controversy must exceed $75,000 and the parties must be citizens of different states.").  The issue is whether a procedural requirement, the 30-day periods of § 1446(b), was satisfied.  If the first 30-day period applies, then Home Depot's removal was untimely.  If instead the second 30-day period applies, then Home Depot's removal was timely.  The answer to the question of which time period applies is answered by examining the four corners of Ornelas's complaint.  See Kenny, 881 F.3d at 791; Harris, 425 F.3d at 694-95.

Ornelas's complaint is rather sparse, although it is sufficient to give Home Depot notice that Ornelas is alleging negligence and a slip and fall personal injury.  As discussed above, the Complaint alleges that Ornelas fell on plastic pipes that were in an improper location, he suffered "serious injuries," he seeks a sum of damages in excess of $25,000.00, and he seeks compensation for loss of consortium, lost wages, medical bills, and "general damages."  See Doc. No. 1 at Ex. A.  That is all that can be gleaned from the Complaint.  The Complaint does not include any medical diagnoses or prognoses, any description of his injuries or the effect of his injuries on his daily life, any description of employment or time off or salaries/wages involved, any indication of how long Ornelas was hospitalized, or any description of medical bills or treatment received or anticipated.  Ornelas is correct that the term "serious" is one that should raise a red flag to any defendant or litigator.  However, it is a term that tends to be relative and one that does not have a legally accepted dollar figure associated with it.  At best, the term "serious" would put Home Depot on notice in terms of discovery, but it does not trigger duties to investigate for purposes of § 1446(b).

4

See Kenny, 881 F.3d at 791; Harris, 425 F.3d at 694-95.

Therefore, objectively, the four corners of the Complaint do not contain sufficient allegations or information to make it evident that more than $75,000 is in controversy. See Harris, 425 F.3d at 693-95. Had Home Depot attempted to remove the case when it was served in October 2017, this Court would have *sua sponte* remanded the case based on an insufficient amount in controversy. See Corral, 878 F.3d at 773-74; Maniar v. F.D.I.C., 979 F.2d 782, 785 (9th Cir. 1992) (holding that the term "motion to remand" in 28 U.S.C. § 1447(c) "includes a district court's *sua sponte* remand"). Because it is not evident or apparent from the four corners of the Complaint that more than $75,000 is in controversy, the Complaint did not trigger § 1446(b)'s first 30-day time period.[2] See Kenny, 881 F.3d at 790; Harris, 425 F.3d at 694-95.

The parties do not dispute that the removal is timely under § 1446(b)'s second 30-day period. Therefore, the Court concludes that Home Depot's notice of removal met the timing requirements of § 1446(b). Ornelas's motion to remand will be denied.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to remand (Doc. No.6) is DENIED; and
2. The matter is referred to the Magistrate Judge to conduct a scheduling conference and entering a scheduling order.

IT IS SO ORDERED.

Dated:   September 18, 2018                     _____
                                                SENIOR DISTRICT JUDGE

---

[2] Ornelas's identification and reliance in his reply on a store video that apparently shows him falling is unpersuasive. First, Ornelas raised the issue for the first time in his reply, and Home Depot has not had a chance to respond. Second, Ornelas did not provide a copy of the video for the Court to review. Third, neither Ornelas, nor the Court, nor Home Depot are medical professionals. It is highly unlikely that video could demonstrate that more than $75,000 is in controversy without some form of expert testimony. Fourth, and related to the third point, reliance on the video likely would require further investigative conduct, which is not proper for purposes of § 1446(b). See Kenny, 881 F.3d at 791; Harris, 425 F.3d at 695.

5