1 | JOSHUA S. GOODMAN, ESQUIRE - State Bar #116576
jgoodman@gnhllp.com
2 | PAIGE P. YEH, ESQUIRE - State Bar #229197
pyeh@gnhllp.com
3 | GOODMAN NEUMAN HAMILTON LLP
417 Montgomery Street, 10th Floor
4 | San Francisco, CA 94104
Telephone: (415) 705-0400
5 | Facsimile: (415) 705-0411

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

***

BORIS TREYZON - State Bar # 188893
btreyzon@actslaw.com
DOUGLAS ROCHEN - State Bar #217231
drochen@actslaw.com
KATIE DEGUZMAN - State Bar #283714
kdeguzman@actslaw.com
ABIR COHEN TREYZON SALO, LLP
1901 Avenue of the Stars, Suite 935
Los Angeles, CA 90067
Telephone: (310) 407-7888
Facsimile: (310) 407-7915

Attorneys for Plaintiff
CARLOS ORNELAS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| CARLOS ORNELAS,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC.; and DOES 1 through 20, Inclusive,<br><br>　　　　　　　　　Defendants. | Case No. 1:18-cv-00697-AWI-EPG<br><br>**STIPULATION AND ORDER FOR PHYSICAL EXAMINATION OF PLAINTIFF CARLOS ORNELAS** |

　　　　The parties to this action hereby stipulate and agree as follows:

　　　　1.　　Pursuant to Rule 35 of the Federal Rules of Civil Procedure, the Court may order a party whose mental or physical condition is in controversy to submit to a physical or medical

examination by a suitably licensed or certified examiner. Fed. R. Civ. Proc. 35.

2. In this case, a controversy exists regarding the physical condition of Plaintiff, CARLOS ORNELAS ("Plaintiff"), and good cause exists for a physical examination of Plaintiff.

3. A physical examination of Plaintiff will be conducted by Edward Younger, MD, a licensed orthopedic surgeon. The examination will take place on April 11, 2019, beginning at 10:00 a.m., at 729 N. Medical Center Dr. West, Suite 101, Clovis, California.

4. The examination will be conducted for the purpose of determining the nature and extent of Plaintiff's physical injuries and the relationship thereof to the claims which are the subject of this litigation, and will consist of all necessary and customary activities required to make such a determination, including but not limited to history of the ailments relating to the claims in this lawsuit, and physical examination and evaluation. No questions will be asked by Dr. Younger beyond those necessary to ascertain Plaintiff's medical condition, as it relates to his claims in this lawsuit.

5. It is also agreed by and between counsel that:

    a. Counsel for the examinee or other legal representative may attend the examination;

    b. A court reporter may also be present at the examination, and may record the entire examination either audiographically and/or stenographically;

    c. A certified Spanish Interpreter will be provided by Defendant for this examination;

    d. Plaintiff will not sign or fill out any paperwork at the doctor's office, including "patient" intake forms, pain drawings, questionnaires, or medical history forms, and will not sign any authorization or consent forms, since Plaintiff is not a patient of Dr. Edward Younger and is consenting to this examination pursuant to the requirements of Rule 35 of the Federal Rules of Civil Procedure.

    e. Plaintiff will not discuss medical history not related to the areas of injuries claimed in this lawsuit. Plaintiff will not answer questions irrelevant to a physical examination, including, but not limited, questions concerning family medical history, personal history, use of

alcohol, drugs or other intoxicants, prior accidents, lawsuits, and/or worker's compensation claims.

  f. Plaintiff will provide his full name, date of birth, height, and weight. Plaintiff will not provide the defense medical examiner with additional personal information, including, but not limited to, the following: residence address, telephone number, medical insurance or other insurance information, or employment history other than to specify the types of jobs held and the physical requirements of each.

  g. No invasive or painful procedures will be performed on Plaintiff and not blood will be drawn;

  h. Defendant will compensate Plaintiff for mileage to and from the examination;

  i. Counsel for Defendant will provide a copy of Dr. Younger's report to Plaintiff's counsel. The report shall be a detailed written report of the examiner setting out the examiner's findings, including results of all tests made, diagnoses, and conclusions as required under Fed. R. Civ. Proc. 35(b).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: March 12, 2019  GOODMAN NEUMAN HAMILTON LLP

By: */s/ Paige Yeh*
PAIGE YEH
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

DATED: March 12, 2019  ABIR COHEN TREYZON SALO, LLP

By: */s/ Doug Rochen*
DOUG ROCHEN
Attorneys for Plaintiff
CARLOS ORNELAS

IT IS SO ORDERED.

Dated: **March 13, 2019**  /s/ Eric P. Grosj
UNITED STATES MAGISTRATE JUDGE